CODMAN et al. v. AMIA.

(Circuit Court, D. Massachusetts. November 14, 1895.)

No. 316.

1. PATENTS—ANTICIPATION—PRIOR ART.

The defense of anticipation, or of want of invention, in view of the prior state of the art, is not affected by the fact that the prior devices relied on were not designed for the particular use to which the device of the patent sued on is peculiarly adapted, if they in fact would perform the same functions. Wright & Colton Wire-Cloth Co. v. Clinton Wire-Cloth Co., 14 C. C. A. 646, 67 Fed. 790, followed.

2. SAME—ATOMIZER.

The Shurtleff patent, No. 447,064, for an improvement in atomizers, is void, in view of the prior state of the art, for want of invention in respect to the combinations covered by claims 1 and 2. Manufacturing Co. v. Holtzer, 15 C. C. A. 63, 67 Fed. 907, applied.

This was a bill by Benjamin S. Codman and others against Joseph Amia for alleged infringement of letters patent No. 447,064, issued February 24, 1891, to Asabel M. Shurtleff for an improvement in atomizers.

Lange & Roberts, for complainants.

Arthur von Briesen, for defendant.

ALDRICH, District Judge.    In this cause the complainants stand on the first and second claims of their patent, which are:

"(1) In an atomizer, a vial and a cap or stopper, combined with a nozzle secured directly to said cap or stopper, and adapted to be applied in the nostrils, and in open communication with the interior of said vial, a liquid tube, extending down into the vial, atomizing orifices contained within said nozzle, and an air tube provided with an air-forcing device, all constructed and arranged to operate substantially as described.

"(2) In an atomizer, a vial and a cap or stopper therefor, having its top formed with a seat for the nozzle, combined with a liquid and air tube, atomizing orifices in said tubes, and a nozzle fitting said seat, substantially as described."

The device which the complainants say amounts to patentable invention consists in securing known atomizing parts directly to a cap or cover of a vial, and adapting the whole for use as an atomizer, for throwing spray into the nostrils.    It would seem that the functions and ideas embodied in the complainants' atomizer, aside from the rigid attachment, were all known in the prior art, and especially disclosed in the German patent of 1886, known as the "Osterwald Patent," and the American patent of 1881, known as the "Heine Patent." This being so, the combination which results from securing the various parts directly to the cap or cover of the vial was not, under the doctrine of Manufacturing Co. v. Holtzer, 15 C. C. A. 63, 67 Fed. 907, patentable invention.

The claim of the complainants that the older atomizers were not designed for the particular use to which their device is peculiarly adapted is no answer (Potts & Co. v. Creager, 155 U. S. 597, 606, 15 Sup. Ct. 194) to the fact that the older devices would perform the same functions.    This doctrine was recently applied to Wright &

Colton Wire-Cloth Co. v. Clinton Wire-Cloth Co., by the circuit court of appeals for this circuit.    14 C. C. A. 646, 67 Fed. 790, 792.

It follows, therefore, that the bill must be dismissed, with costs, and it is so ordered.