## PRIEST v. COATES CLIPPER MANUF'G CO.

(Circuit Court, D. Massachusetts. June 25, 1897.)

### No. 475.

PATENTS—INVENTION—HAIR CLIPPERS.

    The Priest reissue, No. 11,411 (original No. 478,461), for an improvement in hair clippers, involves, in substance, merely a rearrangement of parts and change of proportions, resulting in no new function, and no new advantages of a striking character, and is therefore void for want of invention.

This was a suit in equity by Joseph K. Priest against the Coates Clipper Manufacturing Company for alleged infringement of reissued letters patent No. 11,411, granted April 10, 1894, to the complainant, for an improvement in hair clippers. The original patent (No. 478,461) was issued July 5, 1892.

C. C. Morgan and John S. Richardson, for complainant.

Fish, Richardson & Storrow and A. D. Salinger, for defendant.

PUTNAM, Circuit Judge. The only real issue in this case is that of patentable invention. As presented here, this raises a pure question of fact, as to which different minds might, perhaps, be differently impressed, but which seems to the court to offer an easy and clear solution. On a question so purely one of fact as this, it is sufficient to state the general considerations which lead to the result we have reached, without discussing all the details pro and con confirming it, or apparently controverting it. The patent relates to improvements in hair clippers and shears, and the claims in issue are as follows:

"(1) In a clipper, a movable cutter, operating handles, a comb plate, and a spring connected to said handles, and arranged in a space or chamber below the highest portion of the inner end of the pivotally movable handle, whereby compactness is secured, and provision is made for the removal of the spring in a downward direction after the comb plate is removed, without changing the relation of the handles to each other, substantially as described.

"(2) In a clipper, the combination of the cutter operating handle, formed with an arched or bowed portion, and with a pendent, hollow, cylindrical bearing; the stationary handle having a housing portion, and a hollow-shouldered, cylindrical bearing projecting from said housing portion, and passing through the cylindrical bearing of the movable handle; the coupling and spring-tension key bolt, the comb plate, the cutter plate, and a spring arranged in a space between the arched portion of the movable handle and the upper surface of the comb plate, and made removable in a downward direction when the comb plate is removed,—substantially as described."

"(4) In a clipper, a reciprocating cutter and vibrating operating handle, in combination with an axial portion, a stationary handle, comb plate, and a power spring connected to said handles; said operating, vibrating handle, and the other parts named, being constructed to allow of the spring being arranged about said axial portion, and below the forward portion of the movable handle, whereby compactness is secured, and the spring can be removed downwardly when the comb plate is removed,—substantially as described."

All the elements in this combination are generic, and the combination itself is old, except only the provision for the removal of the spring in a downward direction, or downwardly; and, on any fair construction of the claims, this is the only novel feature which they seek to cover. Our conclusion as to this is made quite certain by the following statement in the application:

"The object of my invention is, while greatly simplifying and increasing the durability of hair clippers, to afford room below the movable handle, and between it and the comb plate, for the location of the spring by which the cutter is enabled to shear or clip the hair on the return stroke of the movable handle, and by so locating it render the clipper more compact, and of less height between the spring pressure regulating nut and the comb plate, and also afford great convenience in applying the spring to the handles, and also afford convenience for the removal of the spring and separation of the parts of the clipper, either for sharpening the cutter, repairing, removing an old and putting in a new spring, cleaning, oiling, or for other operations; it being simply necessary to remove the nut, bolt, comb, and cutter plates, and invert the clipper,

to have the parts exposed so that either or all of the above-mentioned operations can be performed."

The specification describes other mechanical improvements which may be of value, but which clearly were not claimed, and which, therefore, we need not notice. The substance of the device, as patented, is only a rearrangement of the parts, and a change of the proportions, of what was otherwise old, each of which is of that common class ordinarily involving no invention; resulting also, in the case at bar, in no new function, and in no new advantages of any striking or extraordinary character. We cannot, therefore, hold that the device was patentable. The complainant urges on us the salability of the improved cutter, but in this respect the case falls within the rules of Manufacturing Co. v. Holtzer, 15 C. C. A. 63, 67 Fed. 907, and of Codman v. Amia, 70 Fed. 710. Moreover, for aught that appears, the salability of the cutter came from the improved features which are not covered by the patent. Let the respondent file a draft decree dismissing the bill, with costs, on or before June 30, 1897; and the complainant corrections thereof on or before July 1, 1897.